### SUPPRESSION OF NUISANCE BY ORDINANCE.

Circuit Court of Hamilton County.

CHARLES BROWN v. VILLAGE OF ST. BERNARD.

Decided, June 18, 1910.

*Municipal Corporations—Power of, to Suppress Nuisances—Remedy Against Nuisance not Limited to Prosecution under the Criminal Statutes—Section 3650, General Code.*

Relief from a nuisance is not limited to a criminal prosecution under Section 6921, Revised Statutes, but may be effected under a prohibitory ordinance passed by virtue of the general powers conferred upon municipalities in that behalf; and such an ordinance will be held valid where it is of a general nature and its manifest purpose is to prevent injury and annoyance to the public.

* Affirming *Brown* v. *St. Bernard*, 9 N.P.(N.S.), 296.

D. S. Oliver, for plaintiff in error.
Samuel B. Hammel, for the village.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The plaintiff in error was charged with violation of an ordinance of the village of St. Bernard, tried, convicted and sentenced to pay a fine of $100. Section 2 of the ordinance, being the one under which the affidavit was made, is as follows:

"That it shall be unlawful for any person, whether he be owner, manager, superintendent, foreman or employe, within the limits of said village to manufacture, or produce, or assist in the manufacture or production of any fertilizer, or other product from which in the process of manufacture, or production, offensive or unwholesome odors arise or are given off."

It is claimed that the village council had no power to pass the ordinance, because the acts prohibited were made unlawful by Section 6921, Revised Statutes, which furnished the exclusive remedy.

It is evident, however, that the Legislature did not intend to limit the remedy to this section only, as it conferred general pow-

er upon municipal corporations by Section 7, Sub. 3 of the municipal code, "to prevent injury or annoyance from anything dangerous, offensive, or unwholesome; to cause any nuisance to be abated," and it was under authority of this section that the ordinance was passed.

The objection that the ordinance is not legislation against a *public* nuisance, is apparently though not really sound, the argument being that the statute empowers municipal corporations "to prevent injury or annoyance" presumably to the public, and not to prevent the creation or maintenance of "anything dangerous, offensive or unwholesome" regardless of its effect upon the public.

It being conceded by counsel for both parties that a municipality can legislate against a public nuisance only, the ordinance should be construed with this limitation of power in view, and thereby avoid the absurd consequence of a literal construction. It is not reasonable to suppose that the village council intended to punish by fine every person who manufactured or assisted in manufacturing an article that gave off an offensive odor in the factory but in nowise affected the public.

In the case of *Clark* v. *Fry*, 8 O. S., 358, a similar ordinance was before the court, and it held in the third proposition of the syllabus:

"A city ordinance imposing in general terms a penalty on any person for incumbering or obstructing any part of any street, lane, or alley, etc., rationally construed, has manifest reference to nuisances—in other words, to incumbrances or obstructions which, but for some special license, would be unlawful."

The same reasoning applied to the ordinance before us leads to the conclusion that it was intended to make unlawful such offensive odors as would cause injury or annoyance to the public. The affidavit upon which the warrant issued contained the statement "to the annoyance of the public," so that the plaintiff in error was fully advised of the nature of the charge. It would no doubt have been better, in framing the ordinance, to conclude with the words "to the injury or annoyance of the public," or

other words of like import as in Section 6921, Revised Statutes; but the omission seems not fatal.

The ordinance is not restricted in its application to the business of manufacturing fertilizer, but was intended to prevent offensive or unwholesome odors in the manufacture of any product, and hence the rule stated in the case of *Schultze* v. *Cambridge*, 38 O. S., 659, does not apply.

In excepting to the exclusion of evidence offered in chief, counsel for the defendant failed to state what the expected proof would be, and hence it can not now be said that the ruling of the court was prejudicial. No such statement is required on cross-examination; but the evidence thus excluded was either inadmissible or without prejudice.

The report of the committee of the state board of health tended to prove the charge made in the affidavit and the exclusion therefore was not prejudicial to the defendant.

There being no substantial error in the record the judgment will be affirmed.

The case of Andrew Schueler vs the Village of St. Bernard was tried upon the same record and the judgment in the case will also be affirmed.